UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RYAN P. FALTERMAN and ERIN L. FALTERMAN, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL PORTFOLIO CONTROL, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:24-cv-03391 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW come RYAN P. FALTERMAN ("Ryan") and ERIN L. FALTERMAN ("Erin") (collectively "Plaintiffs"), by and through the undersigned, complaining as to the conduct of CENTRAL PORTFOLIO CONTROL, INC., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to these claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiffs are consumers over-the-age of 18 residing in Friendswood, Texas, within the Southern District of Texas.

5. Defendant is a third-party debt collector collecting debts from consumers across the country, including from those in the state of Texas. Defendant is a corporation organized and existing under the laws of the state of Minnesota with its principal place of business located at 10249 Yellow Circle Drive, Suite 200, Minnetonka, Minnesota 55343.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of the nature of Defendant's attempt to collect on a purported defaulted debt ("subject consumer debt") said to be owed by Plaintiffs.

8. The subject consumer debt stems from Plaintiffs' purported past due payments said to be owed in connection with a personal loan originally owed to Circle Back Lending.

9. Based on information and belief, sometime after Plaintiffs defaulted on the subject consumer debt, the subject debt was charged off and placed with Defendant for collection purposes.

10. Plaintiffs initially came to an agreement with Defendant on a payment plan for the subject consumer debt, but due to unforeseen financial circumstances outside of their control, Plaintiffs fell behind on payments on the subject consumer debt.

11. In approximately August of 2024, Defendant began calling Erin on her cellular phone number, (281) XXX-5940, numerous times seeking payment for the subject consumer debt.

12. At all relevant times to the instant action, Erin has been the sole subscriber, owner, and operator of the phone number ending in -5940. Erin is, and always has been, financially responsible for the phone and its services.

13. Defendant has primarily used the phone numbers (952) 540-4782 when placing calls to Plaintiffs, but upon information and belief, Defendant has used other numbers as well.

14. Upon information and belief, the Defendant's aforementioned phone number is regularly utilized by Defendant during its debt collection activities.

15. On or about August 27, 2024, during a conversation with Defendant's representative, "Melanie," Erin indicated that Plaintiffs could not afford to submit a payment at that time, and that further that she did not want Defendant calling in connection with the subject consumer debt.

16. Melanie indicated her understanding of Erin's directive, and stated that the "onus is on [Plaintiffs]" to continue payment and call back once Plaintiffs were able to do so.

17. Nevertheless, despite Erin's direction and Melanie's acknowledgement of said direction, Melanie called Erin again on or about September 3, 2024 regarding the subject consumer debt.

18. As Erin did not answer, Melanie left a voicemail indicating that she was calling from "Central Portfolio Control" but failed to include in this voicemail an indication that the communication came from a debt collector.

19. On or about September 5, 2024, calls from Defendant were once again placed to both Erin at her above-referenced phone number and to Ryan at his phone number, (214) XXX-4059, despite Erin's instructions that Plaintiffs not receive calls regarding the subject consumer debt.

20. Frustrated, distressed, and concerned with Defendant's conduct, Plaintiffs spoke with the undersigned regarding their rights, exhausting time, money, and resources.

21. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, aggravation, emotional distress, being the target of harassing collection efforts, and further violations of their state and federally protected interests to be free from harassing and deceptive collection conduct – interests which were materially harmed as a result of Defendant's false, deceptive, and misleading conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiffs repeat and reallege paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a (3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a (6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

27. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692d *et seq.* and 12 C.F.R. § 1006.14. *et seq.***

28. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

30. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h) through its harassing and noncompliant collection campaign directed towards Plaintiffs. Plaintiffs notified defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Claimant, and its representative further affirmatively acknowledged Plaintiffs' instruction, yet nevertheless persisted, illustrating its intent to harass Claimant through its phone calls. Further, upon becoming aware of Plaintiffs'

desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt from Plaintiffs – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiffs into addressing the subject consumer debt.

    b.  **Violations of FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

33. Defendant violated §§ 1692e and e(10) through its deceptive and misleading conduct surrounding its phone calls placed to Plaintiffs. Such conduct falsely represented to Plaintiffs that Defendant had the legal right to continue calling them, despite this not being the case, since under the binding regulations, Defendant was enjoined from this course of conduct.

34. Defendant violated §§ 1692e and e(11) when its representative left a voicemail for Plaintiffs that failed to disclose that the communication came from a debt collector. Defendant was obligated under the relevant portions of the FDCPA to include this notice in any

subsequent communications with Plaintiffs, but in clear disregard for the law, omitted this information in continued efforts to elicit further payment despite Plaintiffs' directions.

### c. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f through its unfair and unconscionable collection efforts directed towards Plaintiffs. It was unfair for Defendant to ignore Plaintiffs' requests that its phone calls cease and continue to place such calls all the while knowing how such calls were bothersome and unwanted by Plaintiffs.

WHEREFORE, Plaintiffs, RYAN P. FALTERMAN and ERIN L. FALTERMAN, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

37. Plaintiffs restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiffs are "consumer[s]" as defined by Tex. Fin. Code Ann. § 392.001(1).

39. Defendant is a "debt collector" and/or "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6) and 392.001(7).

40. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

41. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

42. Defendant violated the TDCA when it called Plaintiffs after Erin demanded it not do so. Defendant's representative affirmatively acknowledged that it understood that Plaintiffs did not want further calls regarding the subject consumer debt. As stated, Defendant's intent to harass Plaintiffs is evident through its repeated contacts made to them all while knowing that such calls were unwelcome.

### b. Violations of TDCA § 392.304

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(5)(B) prohibits a third-party debt collector from "failing to disclose . . . that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor."

44. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

45. Defendant violated the above-referenced portions of the TDCA in much the same way it violated 15 U.S.C. §§ 1692e of the FDCPA.

WHEREFORE, Plaintiffs, RYAN P. FALTERMAN and ERIN L. FALTERMAN, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiffs costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiffs; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 11, 2024

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com